UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 2:20-cv-02270 |
| | ) | |
| | ) | |
| HOLLYFRONTIER EL DORADO | ) | |
| REFINING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF SETTLEMENT AND JUDGMENT

WHEREAS, the United States of America, acting at the request of the Administrator of

the U.S. Environmental Protection Agency (EPA), filed a Complaint on May 28, 2020, alleging

environmental violations of the Clean Air Act (CAA) at HollyFrontier El Dorado Refining

LLC's (HFEDR's) petroleum refinery in El Dorado, Kansas (the Refinery).

WHEREAS, on August 27, 2020, the Court entered a Consent Decree resolving some,

but not all, of the environmental violations alleged in the United States' Complaint. As relevant

here, Paragraph 96 of the Consent Decree resolved, inter alia, "the United States' civil claims for

injunctive relief for the alleged violations of Section 112(r)(1) of the CAA, 42 U.S.C.

§ 7412(r)(1); and Section 112(r)(7) of the CAA, 42 U.S.C. § 7412(r)(7), and the Risk

Management Program, 40 C.F.R. Part 68, through the date of lodging." However, as specified in

Paragraph 97 of the Consent Decree, the Decree did "not resolve the United States' claims for

civil penalties for the alleged violations of Section 112(r)(1) of the CAA, 42 U.S.C. § 7412(r)(1);

and Section 112(r)(7) of the CAA, 42 U.S.C. § 7412(r)(7), and the Risk Management Program,

40 C.F.R. Part 68" (hereinafter, the "Reserved Claims"). In Paragraph 97, the United States also reserved "the right to take such actions as it deems necessary and appropriate to resolve these claims for civil penalties."

WHEREAS, the United States and HFEDR (the Parties) hereby agree that it is in the public interest to resolve the Reserved Claims without litigation and have negotiated this Stipulation of Settlement and Judgment (Stipulation) in good faith to avoid expensive and protracted litigation.

WHEREAS, the Consent Decree shall remain in full force and effect in accordance with its terms, except as set forth in this Stipulation, which shall become effective upon the date that this Stipulation is entered by the Court.

NOW THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact, law, or liability, and with the consent of the Parties, IT IS HEREBY ADJUDGED AND ORDERED as follows:

1.      Terms used in this Stipulation that are defined in the Consent Decree shall have the meanings assigned to them in the Decree.

2.      For purposes of this Stipulation, and any action to enforce it, HFEDR consents to the Court's jurisdiction over this Stipulation, over any such action, and over HFEDR, and it consents to venue in this judicial district.

3.       For purposes of this Stipulation, and any action to enforce it, HFEDR agrees that the Complaint states claims upon which relief may be granted.

4.      The obligations of this Stipulation apply to and are binding upon HFEDR and its successors. Any change in HFEDR's ownership or corporate status shall not alter its obligations hereunder.

5.      Within thirty days of entry by the Court of this Stipulation, HFEDR shall pay to the United States a civil penalty in the principal amount of $1,600,000 with Interest, as defined in Paragraph 8 of the Consent Decree, from the date this Stipulation is filed with the Court, in accordance with the payment instructions in Paragraph 10 of the Consent Decree.

6.      In the event that HFEDR does not comply with the payment obligations of Paragraph 5 above, HFEDR shall pay a stipulated penalty to the United States in accordance with Paragraph 51 of the Consent Decree. Interest shall accrue on the unpaid balance of stipulated penalties in accordance with 28 U.S.C. § 1961, commencing on the date that such penalties are due and continuing until paid. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for HFEDR's failure to pay any stipulated penalties. If the payment specified in Paragraph 5 above is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation and reinstate the Reserved Claims.

7.      HFEDR shall not deduct any penalties paid under this Stipulation pursuant to Paragraph 5 or Paragraph 6 above in calculating its federal or State or local income tax.

8.      Within ten business days of receipt of all amounts due under this Stipulation, the United States shall file a notice with the Court that full payment has been made and that the Stipulation has been satisfied.

9.      Effective upon HFEDR's payment of the civil penalty identified in Paragraph 5 above, and any stipulated penalties and interest required by Paragraph 6 above, this Stipulation resolves the Reserved Claims and terminates the reservation in Paragraph 97 of the Consent Decree. This Stipulation is not intended to, nor shall it be construed to, operate in any way to resolve any civil

claims other than those expressly described above in this Paragraph or to resolve any criminal liability of HFEDR.

10.     Nothing in this Stipulation shall be construed to release HFEDR or its agents, successors, or assigns from their respective obligations to comply with any applicable federal, state, or local law, regulation, or permit. Nothing contained herein shall be construed to prevent or limit the United States' rights to obtain penalties or injunctive relief under the CAA, or any other law, for other alleged violations except as otherwise provided in the Consent Decree.

11.     HFEDR consents to the entry of this Stipulation without further notice and agrees not to oppose its entry by the Court or to challenge any provision herein.

12.     The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation through the date that payment is made in accordance with the provisions herein.

13.     Upon entry by the Court, this Stipulation shall be considered an enforceable judgment solely for the purposes of post-judgment collection of any unpaid civil and/or stipulated penalties and interest referred to in Paragraphs 5 and 6 above, in accordance with Rule 69 of the Federal Rules of Civil Procedure; the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3008; and any other applicable statutory authority, without further order of this Court. In the event that all or any portion of the civil penalty amount referred to in Paragraph 5 above is not paid in accordance with the provisions of this Stipulation, HFEDR shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts due thereunder.

14.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Refinery, HFEDR shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses

based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 9 above and the Consent Decree.

15.     The undersigned representatives of HFEDR, the Chief or Deputy Chief of the Environmental Enforcement Section at the U.S. Department of Justice, the Acting Assistant Administrator of EPA's Office of Enforcement and Compliance Assurance, and the Regional Counsel of EPA Region 7 certify that each is fully authorized to enter into the terms and conditions of this Stipulation and to bind legally the party that each represents to this document.

16.     This Stipulation of Settlement may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

**AS STIPULATED AND AGREED TO BY THE PARTIES, IT IS SO ORDERED AND ADJUGED THIS __16th__ DAY OF ___June___, 2022.**

s/ John W. Broomes
_____
Hon. United States District Judge

**FOR THE UNITED STATES,** *in the Stipulation with HollyFrontier El Dorado Refining LLC:*

DATED: 6/7/2022 _____    *Nathaniel Douglas* _____
NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice

DATED: 6/7/2022 _____    *Katherine L. Matthews* _____
KATHERINE L. MATTHEWS
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
999 18th St., Suite 370
Denver, CO 80202

DATED: 6/7/2022 _____    GENEVIEVE PARSHALLE Digitally signed by GENEVIEVE PARSHALLE
                                                  Date: 2022.06.07 19:10:09 -04'00'
GENEVIEVE PARSHALLE
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
150 M Street N.E.
Washington, DC 20002

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY,** *in the Stipulation with HollyFrontier El Dorado Refining LLC*:

DATED: _____     MEGHAN MCCOLLISTER
Digitally signed by MEGHAN MCCOLLISTER
Date: 2022.05.27 08:35:58 -05'00'

MEGHAN A. McCOLLISTER
Regional Administrator
U.S. Environmental Protection Agency
Region 7
11201 Renner Boulevard
Lenexa, KS 66219


DATED: _____     LESLIE HUMPHREY
Digitally signed by LESLIE HUMPHREY
Date: 2022.05.20 17:06:23 -05'00'

LESLIE HUMPHREY
Regional Counsel
U.S. Environmental Protection Agency
Region 7
11201 Renner Boulevard
Lenexa, KS 66219


DATED: _____     KASEY BARTON
Digitally signed by KASEY BARTON
Date: 2022.05.16 11:34:44 -05'00'

KASEY BARTON
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 7
11201 Renner Boulevard
Lenexa, KS 66219

**FOR HOLLYFRONTIER EL DORADO REFINING LLC,** *in the Stipulation with the United States*:

DATED: 05-02-2022         By: _____

Valerie Pompa
Senior Vice President, Refining Operations